Case 1:16-cv-00197 Document 16 Filed on 12/20/16 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
December 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE CRUZ CASTILLO, § § Plaintiff, § § v. § § JOHN F. KERRY, § et al., § Defendants. § | Case No. 1:16-cv-197 |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of Defendants' Defendants' Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6)" (hereinafter Defendants' "Motion"). *See* Dkt. No. 7 at 1. For the reasons stated below, the undersigned recommends that Defendants' Motion be GRANTED.

### I. Background

On August 2, 2016, Plaintiff filed a Complaint seeking a declaratory judgment against Defendants that declares Plaintiff is in fact a United States citizen. Dkt. No. 1 at 6. On October 14, 2016, Defendants filed their original Motion, which the Court ordered be stricken on in its October 17, 2016, order. *See* Dkt. Nos. 4, 6. Defendants refiled their instant Motion on October 17, 2016, arguing that Plaintiff improperly brought his claim under 8 U.S.C. § 1503(a) because the Court lacks subject matter jurisdiction. *See* Dkt. No. 7 at 9. In the

alternative, Defendant argues that venue is proper in the Northern District of Alabama, and the action should be dismissed with leave to file. *See id.* at 11. Defendant also argues that Plaintiff's claim for injunctive relief should be dismissed for failing to state a claim. *Id.* at 12. Finally, Defendant argues that the United States is not a proper defendant, and should be dismissed from the action. *Id.* at 13. Plaintiff argues that the Court does have jurisdiction because his permanent address is in Brownsville, Texas. Dkt. No. 11 at 7. Alternatively, Plaintiff argues that the "residence" clause relates to venue rather than jurisdiction, and that venue is proper in this Court. *Id.* Plaintiff failed to offer argument as to his claim for injunctive relief and whether the United States is a proper defendant. For that reason, the Court assumes Plaintiff concedes these arguments. *See* Civ. LR7.4.

## II.     Legal Standards

A party may move the court to dismiss a plaintiff's cause of action pursuant to Rule 12(b). *See* FED. R. CIV. P. 12(b). However, a party seeking to dismiss a complaint under Rule 12(b) must assert these defenses prior to filing its answer. *Id.* As opposed to motions to dismiss under Rule 12(b)(3) and (b)(6), where the plaintiff's allegations are taken as true and viewed under the best light, the plaintiff bears the burden of proof that jurisdiction exists under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see Ambraco Inc. v. Bossclip B V*, 570 F.3d 233, 238 (5th Cir. 2009). Further, courts must consider a jurisdictional attack under Rule 12(b)(1) prior to considering other grounds for dismissal. *Id.*

Finally, in considering whether it has subject matter jurisdiction or is the proper venue to hear a plaintiff's claims, a court may consider matters of fact that are either in dispute or outside the pleadings. *See id*; *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986); *Ambraco*, 570 F.3d at 238 (noting that both 12(b)(1) and (b)(3) allow courts to look past the pleadings to resolve disputed facts).

A court may dismiss a claim under 12(b)(1), 12(b)(3), or 12(b)(6) if it is "beyond doubt that the plaintiff cannot prove" her "well-pled" factual allegations in the complaint, which are viewed as true and in the light most favorable to the plaintiff. *See Ambraco,* 570 F.3d at 237; *Lane v. Halliburton,* 529 F.3d 548 (5th Cir. 2008). Therefore, a complaint must contain sufficient factual matter that states a claim to relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Legal conclusions that are "naked assertions devoid of further factual enhancement" or "formulaic recitation of [a claim's] elements" are not enough. *Id.* Instead, factual allegations are facially plausible when they allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* However, when factual allegations are intertwined with the merits, i.e. where the allegations shed light to both the basis of federal court subject matter jurisdiction and the cause of action, a court should not dismiss the claims unless they are "immaterial or wholly insubstantial and frivolous." *See Clark*, 798 F.2d at 741. Finally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

556 (2007).

### III. Discussion

Section 1503(a) of title 8 of the United States Code states that "any person who. . . is denied such right or privilege by any department. . . , or official thereof, upon the ground that he is not a national of the United States, such person may institute a [civil] action against the head of such department. . . for a judgment declaring him to be a national of the United States[.]" 8 U.S.C. § 1503(a). Section 1503(a) continues, stating "[a]n action under this subsection. . . shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is hereby conferred upon those courts." *Id.*

Defendant argues that § 1503(a)'s "jurisdiction" clause refers to which courts have jurisdiction to hear these sort of claims, and that Plaintiff's claims cannot be heard by this Court as Plaintiff is a resident of the state of Alabama. Dkt. No. 7 at 9-11. Plaintiff argues that the "jurisdiction" clause actually refers to venue, but that regardless Plaintiff is a resident of Brownsville, Texas, which makes jurisdiction and venue proper in this Court. *See* Dkt. No. 11. In essence, Plaintiff seeks that this Court either find that the residency clause in § 1503(a) allows Plaintiff to proceed under his claimed permanent address or, in the alternative, that it take issue with Judge Hilda Tagle's recent opinion in *Villareal* that found § 1503(a)'s "jurisdiction" clause relates to jurisdiction rather than venue. *See* Dkt.

No. 7 at 1, 7; *see also Villarreal v. Horn*, __ F.Supp. 3d __, 2016 WL 5920419 *2-10 (S.D.Tex. Sept. 13, 2016).

The undersigned first recommends that the Court decline Plaintiff's invitation to rule contrary to Judge Tagle's recent decision.[1] First, other provisions have similar parallel language structures that have been found to be jurisdictional as that in § 1503(a). *See, e.g., Masat v. United States*, 745 F.2d 985, 987 (5th Cir. 1984) (finding that 26 U.S.C. § 7609(h)(1)'s language jurisdictional). Second, while Plaintiff is correct that previous versions of the statute have been found to relate to venue, Congress changed the statute's language, indicating the clause's meaning changed to relate to a jurisdictional rather than a venue limitation. *Compare* Immigration Act of 1940 § 503, 54 Stat. 1171-72 ("If any person who claims a right or privilege as a national of the United States is denied such right or privilege. . . such person, regardless of whether he is within the United States or abroad, may institute an action. . . in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national in the United States."), *with* 8 U.S.C. § 1503(a) ("An action under this subsection. . . shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is hereby conferred upon those courts."); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 136 S. Ct. 1562, 1578 (2016) (noting that a change in statutory language creates a presumption of change in intent, and that

---

[1] Regardless, the Court could dismiss based upon Federal Rule of Civil Procedure 12(b)(3) because, as discussed below, the undersigned finds that Plaintiff is a resident of Alabama.

Congress would not have changed a statute's language without intending to change the meaning of its text).

A finding that the language is jurisdictional further fulfills the purpose behind the 1952 changes because it prevents plaintiffs from gaining access to a forum that Congress limited by means of a waiver of venue objection. *See Rusk v. Cort*, 369 U.S. 367, 376-78 (1962) (explaining that the purpose of the change was to prevent noncitizens from abusing the system by gaining entry into a United States forum and then "disappear[ing] into the general populace"). For these reasons, the undersigned recommends that the Court find that the "jurisdiction" clause within § 1503(a) relates to which court has jurisdiction to hear a plaintiff's claims.

The parties have thoroughly briefed whether a Plaintiff may have two residences under § 1503. It is, however, ultimately immaterial to the Court's reasoning as, for the following reasons, the undersigned finds that Plaintiff's residence is in the Northern District of Alabama. As Plaintiff's residence is a factual allegation determinative of this Court's jurisdiction, the Court may look past the pleadings to determine this disputed fact. *See Clark*, 798 F.2d at 741. First, Plaintiff has continuously used his Alabama address as a permanent address for school purposes and his applications for a United States passport. *See* Dkt Nos. 7-2 at 3, 7, 10, 15; 14-1 at 1-9. Second, Plaintiff appears to have maintained an Alabama driver's license for an extended period of time. *See* Dkt. No. 7-2 at 8, 11. Third, during all important points in the litigation of the instant civil action, including its filing and duration, Plaintiff has admittedly resided in Alabama. *See*

Dkt. Nos. 1, 11-1 at 2 (stating that Plaintiff was located in Brownsville, Texas during the action's filing but that he currently resides in Alabama). While Plaintiff does present a declaration stating that his permanent residence is Brownsville, Texas, he presents no evidence to substantiate that assertion and all of the evidence presented goes against said declaration.[2] *See* Dkt. No. 11-1 at 2. For these reasons, the undersigned finds that Plaintiff is a resident of the state of Alabama and that his Complaint should be dismissed for lack of subject matter jurisdiction.

## IV. Recommendation

For the reasons stated above, the undersigned recommends that Defendants' Motion be GRANTED.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[2] The parties agree that "residence" is defined by 8 U.S.C. § 1101(a)(33). *See* Dkt. No. 11 at 5; Dkt. No. 14 at 4; 8 U.S.C. § 1101(a)(33) ("'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent."). The evidence points to Alabama as Plaintiff's place of general abode. Plaintiff's declaration largely points to his intention to ultimately reside or allegedly maintain his residence in Brownsville, Texas. *See* Dkt. No. 11-1 at 2. The declaration, however, is inapposite to Plaintiff's argument that he had residence, as defined, in Brownsville, as its worth is solely tied to intent. *See* Dkt. No. 11 at 5-7.

result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 20th day of December, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**