UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE CRUZ CASTILLO, <br> Plaintiff, | § § § § | |
| v. | § § | Civil Action No. 1:16-cv-197 |
| JOHN F. KERRY, et al., | § § § | |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

This case arises from the government's motion to dismiss Jose Cruz Castillo's (hereafter "Plaintiff") "Complaint for Declaratory and Injunctive Relief" (Docket No. 1) under 28 U.S.C. §1331 (federal question) and 8 U.S.C. §1503 (denial of rights and privileges as a U.S. Citizen). Currently before the court is the Magistrate Judge's "Report and Recommendations," (Docket No. 16) recommending this Court grant "Defendant's Motion to Dismiss" (Docket No. 7). After a de novo review of the file, the Magistrate Judge's "Report and Recommendation" is **ADOPTED**.

### I. FACTUAL BACKGROUND[1]

Plaintiff's Complaint states he was born in Houston, Texas, November 3 1989. Fearing Plaintiff would not receive adequate medical treatment, his parents returned to Mexico without registering Plaintiff's birth in the U.S.; the family remained in Mexico until returning to the U.S. in December 1992. Thereafter, Plaintiff was baptized in Houston, Texas, July 20, 1994. Plaintiff's birth was later registered in Texas in 1994. Plaintiff's parents have resided in Texas since December 1992.

---

[1] The factual statements alleged herein were obtained from the Plaintiff's documents: Docket Nos. 1, 2, 7, 7–2, 11, 11–1. 19–1 and 19–2.

1

Plaintiff applied for a U.S. Passport in 2008, which was denied August 5, 2009. A second application was filed January 31, 2012; said second application was denied August 23, 2012. Each passport application listed Plaintiff's permanent address as 156 Milgray Lane, Calera, Alabama. Records from the University of Alabama-Birmingham (UAB) demonstrate Plaintiff applied to the university listing the same Calera, Alabama mailing address as the permanent address listed in both his 2008 and 2012 passport applications.

After graduating from UAB, Plaintiff moved to Brownsville, Texas in 2014; but returned to Alabama in July 2016. However, Plaintiff filed this case August 2, 2016 in Brownsville, Texas. Plaintiff's complaint was in response to the most recent denial of his U.S. Passport application dated August 23, 2012. Plaintiff returned to Alabama after filing the instant action, and again applied to UAB November 4, 2016, using the same Calera, Alabama address as listed in both passport applications.

## II. PROCEDURAL HISTORY

Defendants filed a motion to dismiss October 17, 2016. Docket No. 7. Plaintiff filed a response to the motion to dismiss November 22, 2016. Docket No. 11. Defendants filed a reply in support of the motion to dismiss December 6, 2016. Docket No. 14. The Magistrate Judge submitted his "Report and Recommendations" (Docket No. 16) December 20, 2016; the magistrate court granted Defendant's motion to dismiss, and held the court lacked jurisdiction over Plaintiff, based upon the conclusion that Plaintiff is a resident solely of the state of Alabama. Plaintiff filed "Objections to Report and Recommendations" (Docket No. 19) January 16, 2017.

The Court notes Plaintiff filed objections to the "Report and Recommendations" January 16, 2017, alleging facts different than those stated either in the original complaint and/or response to the motion to dismiss. Docket No. 19. However, the Court will exercise wide discretion in considering the evidence in its ruling. *See Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998))

(employing several factors in deciding whether to accept additional evidence, including: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted).

### III. DISCUSSION

Before reaching the merits of the instant motion, the Court rules the United States of America is not a proper party; a person may institute an action only "against the head of such department or independent agency" that denies a right or a privilege to a person claiming to be a national of the United States. 8 U.S.C. § 1503(a). Accordingly, the Court **DISMISSES** the United States of America as a defendant.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a claim where it lacks subject matter jurisdiction to hear the claim. The burden of proof is on "the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001.) Upon review, the court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the courts resolution of disputed facts." *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

### a. The Court lacks jurisdiction under 8 U.S.C. § 1503(a)

A person may challenge an agency's denial of a claimed right or privilege as a U.S. citizen under 8 U.S.C. § 1503. The administrative remedy at issue is described in § 1503(a) as follows:

3

> [i]f any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action . . . against the head of such department or independent agency for a judgement declaring him to be a national of the United States . . . . An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district *in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.*"

8 U.S.C. § 1503(a) (emphasis added).

The Court finds that the U.S. Southern District of Texas has no jurisdiction over Plaintiff's claim; he neither resides nor claims a residence in Texas as required under the residency clause of 8 U.S.C. § 1503(a). *See Villarreal v. Horn*, No. 1:15-CV-111, 2016 WL 5920419, at *1 (S.D. Tex. Sept. 13, 2016) (holding the residence clause of § 1503(a) was intended to "express a jurisdictional limitation" rather than venue after considering the structure, history, and purpose of the statute).

Residence "means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent." 8 U.S.C. § 1101(33) (West 2016). Intent is not considered when determining residency. *Villareal v. Horn*, No. 1:15-CV-111, 2016 WL 5920419, at *5 (S.D. Tex. Sept. 13, 2016).

Defendants argue that Plaintiff does not "reside or claim[ ] a residence" in Brownsville, Texas, as required to make jurisdiction and venue proper in this Court under 8 U.S.C. § 1503. Docket No. 7 at 9, 10. Plaintiff argues he never "relinquished his permanent residence" in Brownsville, Texas; on August 2, 2016, when his case was filed, Brownsville was his "place of general abode." Docket No. 11 at 3. The Court would note that contrary to Plaintiff's position, Plaintiff's affidavit states he left the Brownsville area in July 2016 because he was unable to find work and enrolled in school. Docket No. 11–1 at 2. Plaintiff only returned to the Southern

4

District to file the instant case before leaving back to Alabama to continue his studies. *Id.*

Two Southern District cases provide guidance on the threshold for determining residency. The courts in *Villareal* and *Ortiz* held a plaintiff cannot claim a residence where he or she has some measure of history, but has since lived elsewhere; an intent to return at some point is not enough to establish residency. In *Ortiz,* a student wished to claim his parent's hometown of Los Fresnos, Texas, as his residence despite living and studying in San Antonio, Texas. *Ortiz v. Kerry*, No. 1:12–CV–26, Slip Op. (S.D. Tex. May 29, 2013). The student's only justification for establishing jurisdiction in the Southern District was his claim to residency in Los Fresnos coupled with intent to live there in the future. *Id.* at 12. The court held that only one district is the proper venue for an 8 U.S.C. 1503(a) claim. *Id.* at 11–12. The court found San Antonio to be the student's residence, because that is where he spent the "majority of his time and engages in the majority of his daily life activities . . . ." *Id.* at 12. Finally, the court held relying on the word "claim" when arguing intent to return to a "claimed" permanent residence was insufficient to establish residence under the statute. *Id.* at 12–13.

In *Villareal,* it was undisputed that the plaintiff lived, worked, and could generally be found in the city of Matamoros, Mexico. *Villarreal v. Horn*, 207 F. Supp. 3d 700 (S.D. Tex. 2016). The plaintiff's sole claim to a residence in Brownsville, Texas, was her intent to one day live there. *Id.* at *6. Citing *Ortiz*, the court held plaintiff's intent was outside the boundaries of consideration when determining residency, and ruled against the plaintiff. *Id.*

The same holds true in the present case. Plaintiff repeatedly listed Calera, Alabama, as his permanent residence in both of his applications for a U.S. Passport; and as referenced above, said second application is the subject of this dispute. Plaintiff continuously maintained an Alabama driver's license. Plaintiff has attended college in Alabama periodically since 2008. The only relevant time spent in Brownsville, Texas, was a temporary stay with his aunt, prior to enrolling in UAB, in Alabama. While Plaintiff expresses an affinity for Brownsville and a desire to one

5

day return, it is evident his "residence" is in the State of Alabama. Accordingly, the Court **DISMISSES** Plaintiff's complaint without prejudice for lack of subject matter jurisdiction.

## ORDER

For the foregoing reasons, the "Magistrate Judge's Report and Recommendation" (Docket No. 16) is **ADOPTED**. The Clerk's Office is hereby **ORDERED** to close this case.

Signed on this ___7th___ day of ___April___, 2017.

_____
Rolando Olvera
United States District Judge